**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4970**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHRISTOPHER RON HILL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:10-cr-00081-WO-1)

Submitted:  June 28, 2013        Decided:  July 16, 2013

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan Leonard, LAW OFFICE OF JONATHAN LEONARD, Winston-Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Michael Francis Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Hill appeals from the 144-month sentence imposed by the district court after resentencing. Hill was convicted after pleading guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2013). In his first appeal, we affirmed the conviction but remanded for resentencing without application of the career offender designation. Hill's counsel has filed an Anders v. California, 386 U.S. 738 (1967), appeal stating that there are no meritorious issues, but questioning whether the district court clearly erred in denying a reduction for acceptance of responsibility and whether Hill's sentence is reasonable. The Government declined to file a brief and Hill did not file a pro se supplemental brief. Finding no error, we affirm.

Counsel for Hill questions whether the district court should have granted a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2011). We review the denial of the adjustment for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). To receive a reduction, the defendant must establish, "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996).

2

Because the sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," USSG § 3E1.1 comment. (n.5), this court affords great deference to the district court's determination. Dugger, 485 F.3d at 239.

The court stated at resentencing that Hill had shown no remorse and had not accepted responsibility for his actions. The court particularly noted Hill's actions during the guilty plea process and that he had attempted to withdraw his guilty plea several times and had only testified truthfully at the very end of his testimony at the hearing on the motion to withdraw the guilty plea. In light of these circumstances, we conclude that the district court did not clearly err in determining that Hill was not entitled to an adjustment for acceptance of responsibility.

Counsel also suggests that the court review the sentence for reasonableness, but ultimately concludes that the sentence is reasonable. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.A.] § 3553 [(West 2000 & Supp. 2013)] for a sentence different than the one ultimately imposed"). The

appellate court must begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C.A. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

At resentencing, the court reiterated many of its prior findings, including that Hill's conduct caused devastation to the community, and noting the seriousness of the offense, Hill's lack of remorse, and the long-term and substantial drug distribution network. The court also recognized that Hill involved two "fine people" who had bright futures ahead of them

4

and now have felony convictions. Finally, the court took notice of the large number of Hill's serious prior convictions. The court stated that the new Guidelines range was substantially lower than the original sentence in part because of the application of the Fair Sentencing Act, which was not available at the original sentencing. The court held that 144 months was sufficient, but not greater than necessary, and was within the Guidelines range. In light of the totality of the circumstances, the within-Guidelines sentence is reasonable, and the defendant has not rebutted the presumption of reasonableness by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. Montes-Pineda, 445 F.3d at 379.

We have reviewed the entire record in accordance with Anders for any meritorious issues and found none. We therefore affirm Hill's sentence. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid the decisional process.

AFFIRMED